FRAZIER'S ADMINISTRATORS vs. BEATTY and others.

Application for order for possession by purchaser of mortgaged premises at sheriff's sale; order accordingly.

On motion for order for possession.

*Mr. J. R. English,* for the motion.

*Mr. Cortlandt Parker,* contra.

THE CHANCELLOR.

The petitioner, Robert W. De Forest, purchased the mortgaged premises at sheriff's sale, under the execution issued in this cause. The sale appears to have been fair. No complaint is made of the action of the sheriff. Nor does there appear to be ground for any. The property was struck off to Samuel S. Moore, the agent of the petitioner, at the price of $16,200. The petitioner paid the money, and received a deed from the sheriff, accordingly. The respondents have answered the petition. In their answer, they allege that one Jacob Davis, prior to the sale, undertook to obtain a loan on the property for them, to enable them to save it from sale, and they charge bad faith and duplicity, on his part, in the matter. The answer alleges, also, that the respondents believe that they were defrauded out of the property by the conspiracy of Davis and the person from whom he was to obtain the loan, and Moore and other persons. The statements of the answer are verified only by the oaths of the respondents, and no other testimony is offered by them, except the affidavits of two persons, who swear that the property was worth, on the day when it was sold, at least $45,000. The affidavits put in on behalf of the petitioner overthrow the charges and statements of the answer in regard to the alleged fraud and conspiracy. On a full and careful examination of the case, I am unable to

find any evidence of either fraud or conspiracy. Davis appears to have been acting merely as a friend to the respondents in the effort to obtain the desired loan, and his endeavors seem to have been unsuccessful, because the respondents required much more money for their purpose than they had led him to suppose. He swears that he never had any conversation with Moore or with Kean, (who directed Moore to purchase the property at the sheriff's sale for De Forest,) or with De Forest, in relation to the property or the loan or the suit, before the sale ; and never had any suspicion, whatever, that any one was expecting to buy the land ; and he further swears that he does not know De Forest at all. Moore swears that he first learned that the land was to be sold, by hearing the sale adjourned by the sheriff at the latter's office ; that he then told Kean that the property was advertised to be sold, and that on the day it was sold, Kean, in whose employment he is, instructed him to attend the sale and bid the land up to a certain sum, Kean saying that he wanted the property, if it could be purchased at a certain price, for a man in the city of New York ; that he purchased the property for $16,200, there being several bidders besides himself ; that he afterwards paid to the city of Elizabeth $2272.03 for unpaid taxes and assessments on the property, and that, by Kean's direction, he caused the deed to be made to De Forest. He swears that he, at no time, conspired with any one to defraud the respondents, and that he never spoke to any one in relation to the matter, except Kean and Kean's counsel, and one of the complainants, of whom he asked, the day before the sale, whether the sale would certainly take place on the next day, and whether any portion of the purchase money could remain on bond and mortgage, and was told in reply, that the sale would certainly take place on the next day, and that the purchase money must be paid. He denies, explicitly, the statements made by the respondents in their answer, as to conversations with him, and swears that he never, before the sale, exchanged a word with Davis, or with any one with whom the respondents were negotiating for a loan, in relation to the

land or the sale. He also swears that the land, at the very highest, is not worth, at a cash sale, more than $25,000 or $26,000. Kean, in his affidavit, affirms the truth of Moore's statements as to the employment by him of the latter, and the instructions the latter received from him. The person to whom Davis applied for the loan also swears to the circumstances of that transaction, and denies all conspiracy against the respondents, and swears that he had no suspicion that any one intended to buy the land. Two witnesses, William McKinley and Thomas B. Leggett, testify, on the part of the petitioner, as to the value of the land. The former is an owner of real estate in the same ward in which the land is situated. He swears that he is acquainted with the property, and that, at a cash sale, it is not worth more than $25,000, at the utmost. The latter testifies that he is acquainted with the value of real estate in Elizabeth, and has bought and sold land in the ward in which the premises in question are situated, to the amount of $200,000 ; that he is acquainted with the property, and that he thinks that, at a cash sale, it is not worth more than $15,000.

The petitioner was a fair purchaser, at a fair sale. He has spent, in the purchase money and taxes and assessments, over $18,000. I see nothing to justify me in withholding from him the desired order for possession.